NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | Civil Action No.: 19-08395 |
| Plaintiff, | |
| v. | **OPINION** |
| MISTY'S RESTAURANT AND BAR, INC., et al., | |
| Defendants. | |

**CECCHI, District Judge.**

### I.    INTRODUCTION

This matter comes before the Court on Plaintiff G & G Closed Circuit Events, LLC's ("Plaintiff") unopposed motion for default judgment against Misty's Restaurant and Bar, Inc., d/b/a Misty's Restaurant & Bar ("Misty's"), and Nelly Beck ("Beck") (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 9.  The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Plaintiff's motion for default judgment is granted.

### II.    BACKGROUND

Plaintiff, an international distributer of sports and entertainment programming (ECF No. 9-3 ("Pl. Br.") at 1), alleges that it purchased the exclusive right to license and distribute the Bellator NYC Fight Program (the "Program") telecast nationwide on June 24, 2017. ECF No. 1 ("Compl.") ¶ 20.  While Plaintiff alleges that it subsequently entered into sublicensing agreements

1

that permitted certain entities to publicly exhibit the Program, it asserts that it did *not* enter into such an agreement with Defendants.[1] *Id.* ¶¶ 21–23. Nevertheless, Plaintiff alleges that Defendants intercepted the broadcast and exhibited the Program inside Defendants' establishment on the night of the telecast. *Id.* ¶ 23.

On March 12, 2019, Plaintiff filed the Complaint alleging that Defendants willfully broadcast the Program without paying a licensing fee, in violation of 47 U.S.C. §§ 553 and 605.[2] *Id.* ¶¶ 19–34. Defendants were served with the Complaint on March 29, 2019 and May 29, 2019. ECF Nos. 5, 6. On November 18, 2019, the Clerk entered default against Defendants for failure to plead or otherwise defend this action. ECF No. 8. Thereafter, Plaintiff filed this motion for entry of default judgment against Defendants. ECF No. 9.

## III.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgment against a party who has failed to plead or otherwise defend a claim for affirmative relief. Fed. R. Civ. P. 55(b)(2). After the clerk enters default pursuant to Rule 55(a), a plaintiff can request default judgment under Rule 55(b)(2). *Id.*; *see Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. Appx. 519, 521 n.1 (3d Cir. 2006). Though "the entry of a default judgment is largely a matter of judicial discretion," the Court must determine that a plaintiff has stated a sufficient cause of action, accepting the factual allegations in the complaint, except those relating to the amount of damages, as true. *Chanel, Inc. v. Gordashevsky*,

---

[1] Plaintiff alleges that Beck owns and operates Misty's, a commercial establishment located in West Orange, New Jersey. Compl. ¶ 7.

[2] As Plaintiff does not seek judgment or relief concerning its remaining claims, the Court need not evaluate their pleading sufficiency.

2

558 F. Supp. 2d 532, 535–36 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Three factors govern default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). A court has broad discretion in determining the amount of damages to be awarded and need not hold a hearing if the requested damages have adequate support. *Super 8 Worldwide, Inc. v. Urmita, Inc.*, No. 10-5354, 2011 WL 2909316, at *2 (D.N.J. July 18, 2011).

## IV.   DISCUSSION

### a. Sufficiency of Plaintiff's Claims

To state a claim under Section 553 or Section 605, a plaintiff must allege that the defendants "(1) intercepted a broadcast; (2) were not authorized to intercept the broadcast; and (3) showed the broadcast to others." *J & J Sports Prods., Inc. v. Edrington*, No. 10-3789, 2012 WL 525970, at *2 (D.N.J. Feb. 16, 2012) (citations omitted). These statutes also permit enhanced damages if a plaintiff can establish that the defendants' interception of the broadcast was "willful and for commercial advantage or private gain." *Id.*

Here, as discussed above, Plaintiff asserts that it had the exclusive right to distribute the Program, Defendants intercepted the Program in an unauthorized manner, and Defendants

exhibited the Program to its patrons on the night of the telecast. Compl. ¶ 23.[3]  Accordingly,

Plaintiff has stated a cause of action against Defendants.[4]  Plaintiff has also sufficiently alleged

that Defendants' violation was willful and calculated to bring about commercial advantage or

private gain. *Id.* ¶ 24.  Indeed, Plaintiff alleges that Defendants showed the Program at their place

of business, and, therefore, "the Court may infer that Defendants' conduct was 'for the purposes

of direct or indirect commercial advantage or indirect pecuniary gain,' rather than for enjoyment

by private parties at home." *Joe Hand Promotions, Inc. v. Waldron*, No. 11-849, 2013 WL

1007398, at *3 (D.N.J. Mar. 13, 2013) (quoting § 605(c)(3)(C)(ii)).  Therefore, the Court may

award Plaintiff enhanced damages.

### b.  Application of the Default Judgment Factors

Having determined that Plaintiff states a valid cause of action against Defendants, the

Court considers whether default judgment is appropriate by making explicit findings regarding

the following factors: (1) whether the plaintiff would suffer prejudice if the default judgment were

denied; (2) whether the defendants have a meritorious defense; and (3) whether the defendants'

own culpable conduct caused their delay. *Chamberlain*, 210 F.3d at 164.

---

[3] Plaintiff alleges that on the night of the telecast, an investigator hired by Plaintiff observed the unauthorized exhibition of the Program on one of six televisions inside Defendants' establishment while approximately eight to eighteen patrons were present. Pl. Br. at 2.

[4] As for Beck, the Court notes that she may be found individually liable under these statutes as Plaintiff has sufficiently alleged that she had: (1) "the right and ability to supervise the violative activity"; and (2) "a direct financial interest in the violation[.]" *J&J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (citations omitted); *see also J&J Sports Prods., Inc. v. Old Bailey Corp.*, No. 18-8829, 2019 WL 4267856, at *2 (D.N.J. Sept. 9, 2019) (finding individual liability where individual defendant was an officer and license holder of the commercial establishment).  Specifically, the Complaint alleges that Beck is the president, owner, registered agent, and license holder of Misty's. Compl. ¶¶ 7–10.

The Court finds that all three factors supporting default judgment are met. First, Plaintiff will suffer prejudice if default is not granted because it has no alternative means of vindicating its claim against Defendants. *Waldron*, 2013 WL 1007398, at \*4. Second, there is nothing to suggest that Defendants have a meritorious defense. Finally, Defendants' failure to respond permits the Court to draw an inference of culpability on its part. *J & J Sports Prods., Inc. v. Tibiri-Tabara, LLC*, No. 18-8819, 2019 WL 3402494, at \*3 (D.N.J. July 26, 2019). Accordingly, the Court finds that default judgment is appropriate.

### c. Appropriate Relief

Finally, the Court considers Plaintiff's request for damages. A plaintiff may recover under either Section 553 or Section 605, but not both. *Tibiri-Tabara, LLC*, 2019 WL 3402494, at \*4. Here, Plaintiff does not allege the precise manner in which Defendants intercepted the broadcast signal, whether it was through a cable system in violation of Section 553 or a satellite transmission in violation of Section 605. However, in a case such as this one, where Defendants' failure to appear has deprived Plaintiff of its ability to determine which statute applies, courts in this district have found it proper to award relief under either statute. *See, e.g.*, *J & J Sports Prods., Inc. v. Perdomo*, No. 06-1374, 2007 WL 923522, at \*2 (D.N.J. Mar. 26, 2007) (holding that a plaintiff should not be faulted for failing to plead the manner in which the broadcast signal was intercepted where knowledge of the interception was exclusively with the defendant); *Edrington*, 2012 WL 525970, at \*3 (finding that an award of damages was proper under either Section 553 or Section 605 where the plaintiff lacked knowledge of the manner in which its broadcast was intercepted). As "the two statutes share a nearly identical remedial scheme," conducting an analysis with reference to both statutes will result in the Court entering an appropriate judgment either way.

*Waldron*, 2013 WL 1007398, at *1 n.2.  Accordingly, the Court will conduct its analysis with reference to both Section 553 and Section 605.

Here, Plaintiff seeks $3,000 in statutory damages and $15,000 in enhanced damages under either Section 605 or Section 553. Pl. Br. at 10.  Section 553 allows for statutory damages of "not less than $250 or more than $10,000" plus enhanced damages of "not more than $50,000," while Section 605 allows for statutory damages of "not less than $1,000 or more than $10,000" plus enhanced damages of "not more than $100,000." 47 U.S.C. §§ 553, 605.

### i.  Statutory Damages

Plaintiff requests $3,000 in statutory damages, which constitutes treble the $1,000 commercial licensing fee Plaintiff would have charged Defendants to broadcast the Program. Pl. Br. at 16.  Plaintiff contends that a statutory award in excess of the licensing fee is necessary to deter piracy violations and adequately compensate Plaintiff. *Id.* at 13–14.  Courts in this district, however, generally award statutory damages that approximate actual damages—that is, the cost of the licensing fee. *G&G Closed Cir. Events, LLC v. Don Tequila Bar & Grill L.L.C.*, No. 19-00084, 2020 WL 133033, at *3 (D.N.J. Jan. 13, 2020) (citing cases).  Consistent with those decisions, the Court will award Plaintiff $1,000 in statutory damages, an amount equal to the licensing fee Defendants would have owed.[5]

### ii.  Enhanced Damages

---

[5] Plaintiff also argues that if the Court awards statutory damages that approximate actual damages, the amount awarded should include Defendants' profits attributable to the alleged violation. Pl. Br. at 14.  Plaintiff, however, fails to assert any particularized allegations regarding the amount in which Defendants profited from the violation at issue.

Having found that Defendants' interception and exhibition of the Program was willful and for the purposes of commercial advantage, as explained above, the Court also awards enhanced damages under either Section 553 or Section 605. However, the Court declines to award Plaintiff all of the $15,000 requested. Instead, the Court will award Plaintiff $2,000 in enhanced damages.

In determining the appropriate award of enhanced damages, courts consider whether: (1) "the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time"; (2) the defendant "reaped substantial profits from the unauthorized exhibition in question"; (3) "the plaintiff suffered significant actual damages"; (4) "the defendant advertised its intent to broadcast the event"; and (5) "the defendant levied a cover charge or significant premiums on its food and drinks because of the broadcast." *G & G Closed Cir. Events, LLC v. La Famosa, Inc.*, No. 19-13025, 2020 WL 3129540, at *5 (D.N.J. June 12, 2020) (citations omitted).

As to the above factors, the Court considers the following. First, Plaintiff does not allege that Defendants previously intercepted and exhibited unauthorized broadcasts. Second, there is nothing to suggest that Defendants made any profits, let alone substantial profits, that are specifically attributable to the alleged violation rather than the establishment's typical Saturday night business. Third, as stated above, Plaintiff's actual loss appears to be the cost of the sublicense fee, which under the circumstances would be $1,000. Fourth, Plaintiff does not allege that there was any advertising of the event. Finally, Plaintiff's investigator reported that Defendants charged no cover fee and reported no premium on food or drink. Pl. Br. at 18–19; ECF No. 9-1 (Gagliardi Affidavit) at 37–38.

7

Accordingly, the Court will award Plaintiff $3,000, consisting of $1,000 in statutory damages and $2,000 in enhanced damages.[6]

## V.    **CONCLUSION**

For the reasons above, the Court grants Plaintiff's motion for default judgment and awards damages in an amount totaling $3,000.  An appropriate Order will follow.

**DATE:** November 23, 2021

**CLAIRE C. CECCHI, U.S.D.J.**

---

[6] Plaintiff also seeks an award of costs and attorneys' fees under Section 605. Pl. Br. at 24.  In accordance with Local Civil Rules 54.1 and 54.2, Plaintiff may file its motion for costs and attorneys' fees within 30 days of the entry of the accompanying Order.